### JAMES BRIDGES v. KITTY TUNNEL, Negro.

High Court of Errors and Appeals. June 17, 1818.

*Ridgely's Notebook II, 148.*

This case was argued by *H. M. Ridgely* for the appellant, and by *Wells* for the negro woman, the respondent.

It was clearly proved that Bridges was a trader in Negroes, that he bought and transported them contrary to law, whenever an opportunity offered. There was no proof that Long sold the

Negro with any intention that she should be transported or carried out of the state. But the character of Bridges was notorious and well known to Long, and it seemed to be pretty clear that Bridges designed to sell the woman out of the state as soon as possible.

*Ridgely,* for Bridges, argued that as Long did not sell the woman with an intent for exportation that the Act of Assembly (2 Del.Laws 1094, s. 4) did not apply to this case. That the sale with an intent for exportation must be by the owner, the seller; and although Bridges might have purchased with such intention, yet the Act of Assembly had not provided for such case. That there was no proof of any intention in Long that the woman should be exported. That Bridges is a citizen of the state, and Long might lawfully sell to him, and as Long had no intention of exportation, it was not necessary that he should inquire or know anything of Bridges's intention. That it was an actual *bona fide* sale by Long without any design to violate any law.

*Wells,* for the respondent, contended that as the character of Bridges was notorious, and Long knew that he was a Negro-trader, and received $310 for the slave, a price given by dealers only, and far exceeding any fair price of a slave bought to be retained in the state, the conclusion was inevitable that he sold her with an intent for exportation. That it was not necessary that Long should take an active part in exporting, but that if he sold with a knowledge or belief that Bridges would export her, it was a sale with an intent for exportation. That the price and character of the purchaser were a clue to Long's motives, and that, according to the true meaning of the Act, Long sold with an intent for exportation.

RIDGELY, CHANCELLOR, and COOPER, Justice of Court of Common Pleas, who was not a Judge when this case was there decided, were for reversing the judgment. DAVIS and PAYNTER, Justices of the Supreme Court, were for affirming the judgment. The Court being equally divided, judgment affirmed.